IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JH PORTFOLIO DEBT EQUITIES, LLC, | ) Civil Action No. 6:18-cv-00745-DCC |
| Plaintiff, | ) |
| | ) PROTECTIVE AND |
| | ) CONFIDENTIALITY ORDER |
| GARNET CAPITAL ADVISORS, LLC, | ) |
| Defendant. | ) |

Pursuant to joint motion of counsel for the Plaintiff and counsel for the Defendant this Protective Order (the "Protective Order") shall govern the handling of documents, electronically stored information, other tangible things, deposition testimony, deposition exhibits, responses to interrogatories and requests for admissions, and any other information disclosed or produced by any party or non-party ("Discovery Materials") in the course of discovery in the above captioned matter.

1. In consideration of the sensitive nature of certain Discovery Materials that may be produced or disclosed by any party or non-party during the course of discovery in this matter, the parties have agreed to protect and maintain the confidentiality of certain Discovery Materials.

2. Any Discovery Materials provided by any party or third party ("Producing Party") and received by any party or third-party ("Receiving Party") during the pendency of this case are to be used for the prosecution or defense of this case and any ensuing appeals, and not for any other purpose.

3. This Order does not limit the use or disclosure of Discovery Materials that have been obtained by any party or third party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto, including but not limited to Discovery Materials that: (a) were already known to such party or third party by lawful means prior to acquisition from, or disclosure by, the other party or third party in this case; (b) is or becomes publicly known through no fault or act of such party or third party; or (c) is rightfully received by such party from a third party, which has authority to provide such Discovery Material, and without restriction as to disclosure.

4. Third Parties that produce documents pursuant to this Protective Order shall have the benefit of this Protective Order, and shall be entitled to enforce its terms, if they agree to be bound hereby through certification of Attachment B.

5. This Protective Order creates two categories of Confidential Information: CONFIDENTIAL and HIGHLY CONFIDENTIAL. Documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

    (a) CONFIDENTIAL. Discovery Materials that may be designated CONFIDENTIAL are those that the Producing Party reasonably believes constitute, contain, or refer to information that is not generally available to or accessible by the general public, or that is to be kept confidential due to preexisting obligations. Discovery Materials that may be designated CONFIDENTIAL include,

but are not limited to, market, business, and financial information, and other confidential business and commercial information, except to the extent covered by section (b) below.

(b) HIGHLY CONFIDENTIAL. Discovery Materials that may be designated HIGHLY CONFIDENTIAL are those Discovery Materials that a Producing Party reasonably believes constitute, contain, or refer to confidential business or commercial information the disclosure of which to a business competitor might tend to damage the Producing Party's competitive position, including but not limited to information subject to third-party non-disclosure or confidentiality agreements; and sensitive confidential personal information, including but not limited to, personally identifiable information, personal financial information, social security numbers, and bank account numbers. In recognition of the limitations on use of Discovery Materials designated as HIGHLY CONFIDENTIAL it is the intention of the parties that the HIGHLY CONFIDENTIAL designation be used when the Producing Party has a good faith belief that refraining from designating the Material as HIGHLY CONFIDENTIAL would risk competitive injury to the Producing Party or constitute an invasion of any individual's reasonable expectation of privacy, and/or potentially violate any contractual obligation to a third-party. If redaction would allow HIGHLY CONFIDENTIAL documents to be designated as CONFIDENTIAL then such redaction should be applied to the least amount of information possible (*e.g.*, social security number, bank account number, and credit information).

6. The designation by any Producing Party of any Discovery Materials under this Protective Order as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall constitute a representation to the parties and the Court that the Producing Party has a good faith belief that there is a valid basis for such designation.

7. Any party may designate documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL, but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute, or pursuant to this order. The certification shall be made concurrently with the disclosure of the documents, using Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure.

    (a) In the case of Discovery Material that is not testimony, CONFIDENTIAL and HIGHLY CONFIDENTIAL shall be so designated by placing or affixing the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation.

    (b) In the case of Discovery Material that is testimony, CONFIDENTIAL and HIGHLY CONFIDENTIAL shall be so designated by the Producing Party's counsel stating on the record at the time of such disclosure that the testimony is CONFIDENTIAL or HIGHLY CONFIDENTIAL, or the Producing Party's counsel

---

[1] The attorney who reviews the documents and certifies them to be CONFIDENTIAL or HIGHLY CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, Attachment A, counsel submits to the jurisdiction of this court with regard to the certification.

transmitting written notice of the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation to counsel for all parties within ten (10) days of receiving the transcript of the testimony, provided that only those portions of any transcript designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL.

8. Documents shall be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents except for documents produced for inspection under the "Reading Room" provisions set forth in Paragraph 14 below. The failure to affix such designation at any given time does not constitute a waiver of the right to designate the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, and a Producing Party may make such a designation at any time after the material is produced, with the effect that the material then becomes subject to this Protective Order.

9. Inadvertent or unintentional production of Discovery Materials without prior designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order. In the event of an inadvertent disclosure of the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material, the Producing Party making the inadvertent disclosure, upon learning of the disclosure shall, in writing, promptly notify the person or entity to which the disclosure was made that it has received CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that is subject to this Protective Order. The Receiving Party shall treat such Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL from the date that such notice is received.

Disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material prior to receipt of this notice from the Producing Party to persons not authorized to receive such CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Materials shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material disclosed is CONFIDENTIAL or HIGHLY CONFIDENTIAL and must be treated in accordance with this Protective Order.

10. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Protective Order to any other person or entity except as set forth in subparagraphs (a) and (b) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (Attachment B), that he or she has read and understands the terms of this Protective Order and agrees to be bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order:

(a) **CONFIDENTIAL**: (i) counsel and employees of counsel for the parties who have responsibility for the preparation and/or trial of the lawsuit, including regular and temporary employees and vendors, provided they are necessary to assist in the preparation and/or trial of the lawsuit; (ii) parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to

the conduct of the litigation in which the information is disclosed[2]; (iii) individuals shown on the face of a document as having authored or previously received the document; (iv) the court; (v) any witness at a deposition in this case, provided there is a legitimate basis for such disclosure, and the safeguards provided for in this Confidentiality Order are followed; (vi) court reporters and videographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; (vii) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; (viii) graphics or design services personnel retained by counsel for a party for purposes of preparing demonstrative or other exhibits; and (ix) other persons only upon consent of the Producing Party or upon order of the court and on such conditions as are agreed to or ordered.

(b) **HIGHLY CONFIDENTIAL:** (i) outside attorneys of record for the parties in this matter, such counsel of record being Moore & Van Allen, PLLC, Brownstein Hyatt Farber Schreck, LLP, and Miller Barondess, LLP for Plaintiff JH Portfolio Debt Equities, LLC; Roe Cassidy Coates & Price, P.A. and RuyakCherian LLP for Defendant Garnet Capital Advisors, LLC; (ii) regular and temporary employees and vendors for the outside attorneys of record (named in (i)) who have responsibility for the preparation and trial of the lawsuit; (iii) in-house litigation

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B), counsel shall complete a certification in Attachment C. Counsel shall retain the certification together with the form signed by the party or employee.

counsel for each party to this lawsuit, along with their immediate administrative staff, (iv) individuals shown on the face of the document as having authored or previously received the document; (v) the court; (vi) any witness at a deposition in this case, provided there is a legitimate basis for such disclosure, and the safeguards provided for in this Order are followed; (vii) court reporters and videographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; (viii) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; (ix) graphics or design services personnel retained by counsel for a party for purposes of preparing demonstrative or other exhibits; (x) any other person only upon order of the Court or upon written consent of the party producing the HIGHLY CONFIDENTIAL Material; and (xi) <u>HIGHLY CONFIDENTIAL Material shall only be disclosed to persons or entities listed</u> above in (iii) (vi), (viii) <u>who consent and acknowledge to be bound by this Order</u> through execution of Attachment B.

11.     Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the terms of this Protective Order.  Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Protective Order.

12. In the case of accidental or inadvertent disclosure of Discovery Materials, or CONFIDENTIAL or HIGHLY CONFIDENTIAL information not in accordance with this Protection Order, counsel for the party responsible for the disclosure shall promptly notify counsel for the Producing Party or the party who designated the Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL of the disclosure and make every effort to prevent further disclosure, including attempting to retrieve all copies of the Discovery Materials or CONFIDENTIAL or HIGHLY CONFIDENTIAL information from the recipients thereof, and attempting to secure the agreement of the recipients not to further disseminate the Discovery Materials, CONFIDENTIAL or HIGHLY CONFIDENTIAL information in any form.

13. All copies, duplicates, extracts, summaries or descriptions of Discovery Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order or any portion of such Discovery Material, shall be immediately affixed with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Protection Order.

14. In order to facilitate timely disclosure of large numbers of Discovery Material which may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information, but which have not yet been reviewed and marked, the following "Reading Room" provisions may be utilized.

(a) Discovery Materials may be produced for review at a party's facility or other controlled location ("Reading Room"), prior to designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL. After review of these Discovery

Materials, the party seeking discovery may specify those for which further production is requested. The Producing Party shall then copy the requested Discovery Materials for production. To the extent any of the requested Discovery Materials warrant a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, the copies shall be so marked prior to further production.

(b) Unless otherwise agreed or ordered, copies of Reading Room Discovery Materials shall be requested within twenty days of review in the Reading Room and shall be produced within thirty days after the request is made.

(c) The Producing Party shall maintain a log of persons who have reviewed Discovery Materials in the Reading Room and the dates and time of their presence.

(d) The production of Discovery Materials for review within the confines of a Reading Room shall not be deemed a waiver of any claim of Confidentiality, so long as the Reviewing Parties are advised that the Reading Room production is pursuant to this provision and that the Reading Room may contain confidential Discovery Materials which have not yet been marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

(e) Until such time as further production is made of Discovery Materials reviewed in a Reading Room, the reviewing party shall treat all material reviewed as if it was marked CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time reviewed. If not yet reviewed and designated by the Producing Party, the Producing Party shall set the initial designation, whether CONFIDENTIAL or

HIGHLY CONFIDENTIAL, based on a good faith belief regarding the contents of the Discovery Materials.

15. In the event a party seeks to file any Discovery Material that is subject to this Protective Order with the Court, that party shall take appropriate action to insure that the Discovery Materials receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the Discovery Materials solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the Discovery Material under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, D.S.C., or such other rule or procedure as may apply. The party seeking to submit the Discovery Material to the Court shall first consult with counsel for the party who designated the Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL to determine if some measure less restrictive than filing under seal may serve to provide adequate protection.

16. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the party moves for an Order providing such special protection.

17. During the pendency of this lawsuit any CONFIDENTIAL or HIGHLY CONFIDENTIAL designation is subject to challenge. A party who contends that Discovery Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL are not entitled to confidential treatment may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such motion is

pending, the Discovery Material in question shall be treated as designated, whether CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall continue to be treated as subject to the full protections of this Protective Order. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

18. All provisions of the Protective Order restricting the use of Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

19. The terms of this Protective Order shall survive any settlement, dismissal, judgment or other disposition of this case.

20. Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all Discovery Material designated or otherwise treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order shall be returned to the Producing Party unless: (1) the Discovery Material has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to Discovery Material containing the notations, summations, or other mental impressions of the Receiving Party, that party elects destruction.

21. Notwithstanding the requirements of Paragraph 20, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material. This work product continues to be CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Protective Order. An attorney may

use his or her work product in a subsequent litigation provided that its use does not disclose the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material.

22. Nothing in this Protective Order shall prevent any party from disclosing its own Discovery Materials that it has designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL as it deems appropriate, and no such disclosure will waive any party's obligations under this Order except as provided by law. This paragraph shall not be construed to extinguish or modify any prior stipulation or order.

23. All persons to whom CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material is disclosed shall be bound by this Order. It shall be the responsibility of counsel for each party to this case to ensure that persons authorized to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material have knowledge of the terms of this Order and agree to be bound by them (Attachment B).

24. Should any Receiving Party receive any request for any Producing Party's information (whether CONFIDENTIAL, HIGHLY CONFIDENTIAL, or without designation), whether pursuant to a litigation or arbitration discovery request, third party subpoena, or otherwise, the Receiving Party shall give the Producing Party prompt notice of the request so that the Producing Party has an opportunity to object to such disclosure and to otherwise protects its rights. The Receiving Party's counsel shall provide notice by email and telephone call to the Producing Party's counsel, rather than relying upon the United States Mail for such notice. Provided such notice has been given, the Receiving Party shall not be in violation of this Protective Order by making a disclosure required by law.

25. Nothing in this Protective Order shall be deemed to be a limit or waiver of the attorney-client privilege, work product privilege, or any other applicable privilege.

26. If Discovery Material subject to a claim of attorney-client privilege, work product immunity, or other lawful privilege is inadvertently or unintentionally disclosed or produced, such disclosure or production shall in no way prejudice or otherwise constitute a waiver or estoppel of any such privilege or immunity. Any party which inadvertently or unintentionally discloses or produces such Discovery Material may seek return of that Discovery Material by providing written notice, promptly upon learning of the disclosure or production, to all recipients of such Discovery Material (the "Receiving Parties"). The Receiving Parties shall have five (5) business days to return the original and all copies, and all attachments of the Discovery Material to the Producing Party and shall delete any versions of the Discovery Material and expunge from any other document or material information reflecting the contents of the inadvertently produced privileged item, except for what is necessary for the sole purpose of promptly challenging the Producing Party's privilege designation. The Party who receives such Discovery Materials reserves, maintains and in no way limits its rights to challenge the designation of such Discovery Materials as privileged. The Receiving Parties returning such Discovery Material may not assert the fact or circumstances of such inadvertent production as a basis for any argument or motion, including a motion seeking production of such items.

27. This Protective Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Protective Order shall

not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

28. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in this lawsuit. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence during this lawsuit. Nothing contained in this Protective Order or any declaration of confidentiality or restriction hereunder shall be used or characterized by any Party, or its employees, agents, or retained experts, as an "admission" by a Party opponent or an admission of other evidence that materials produced in discovery are or are not, in fact, confidential or proprietary business, financial, or personal information, or are entitled to any legal protection. The failure to object to a Party's designation of Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not constitute an admission that the Discovery Materials so designated are, in fact, confidential or highly confidential or are entitled to any legal protection. The failure to object to or challenge a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL upon initial receipts of this material shall not constitute or be construed as a waiver of that Party's right to subsequently object or challenge such designations at a later time. The failure to designate Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose or challenge such designation.

29. This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein

shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made,

**IT IS SO ORDERED**

s/Donald C. Coggins, Jr.
Donald C. Coggins, Jr.
United States District
Court Judge

May 31, 2019
Spartanburg, South Carolina

**ATTACHMENT A**
**CERTIFICATION BY COUNSEL OF DESIGNATION**
**OF INFORMATION AS CONFIDENTIAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**GREENVILLE** DIVISION

| | | |
|---|---|---|
| JH Portfolio Debt Equities, LLC, | ) | Civil Action No. **6:18-cv-00745-DCC** |
| | ) | |
| Plaintiff, | ) | Certification by Counsel of Designation |
| vs. | ) | of Information as Confidential |
| | ) | |
| Garnet Capital Advisors, LLC | ) | |
| | ) | |
| Defendant | ) | |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated [confidentiality order date].

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

Check and complete one of the two options below.

❑   I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

❑   I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date:   [date attachment A signed]                         [Signature of Counsel [s/name]]
                                                                            Signature of Counsel

                                                                            [Printed Name of Counsel [A]]
                                                                            Printed Name of Counsel

# ATTACHMENT B

## ACKNOWLEDGMENT OF UNDERSTANDING
## AND
## AGREEMENT TO BE BOUND

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### **GREENVILLE** DIVISION

| | | |
|---|---|---|
| JH PORTFOLIO DEBT EQUITIES, LLC, | ) | Civil Action No. **6:18-cv-00745-DCC** |
| Plaintiff, | ) | |
| vs. | ) | Acknowledgment of Understanding |
| | ) | and |
| GARNET CAPITAL ADVISORS, LLC, | ) | Agreement to be Bound |
| | ) | |
| Defendant | ) | |
| | ) | |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: [undersigned name [att B]]

Job Title: [Job Title [att B]]

Employer: [Employer [att B]]

Business Address: [Business Address [att B]]

Date: **[date attachment B signed]**          [Signature [attachment B]]
                                                                                                          Signature

ATTACHMENT C

**CERTIFICATION OF COUNSEL OF NEED
FOR ASSISTANCE OF PARTY/EMPLOYEE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**GREENVILLE** DIVISION

| | |
|---|---|
| JH PORTFOLIO DEBT EQUITIES, LLC, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>GARNET CAPITAL ADVISORS, LLC, )<br>)<br>Defendant )<br>_____ ) | Civil Action No. **6:18-cv-00745-DCC**<br><br>Certification of Counsel<br>of Need for Assistance of Party/Employee |

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 6.b.2., I certify that the assistance of [name of assistant [att C]] is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❑ A named party;

❑ An employee of named party [employee of named party]. This employee's job title is [employee's job title] and work address is [employee's work address].

Date: **[date attachment C signed]**                [Signature [attachment C]]
                                                                                        Signature